**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| DONALD B. KIMBALL, | ) | |
| | ) | 3:12-cv-00639-MMD-VPC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF U.S. MAGISTRATE JUDGE** |
| CHRIS PERRY, *et al*., | ) | |
| | ) | |
| Defendants. | ) | January 30, 2014 |
| | ) | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief may be granted (#21).[1] The court has thoroughly reviewed the record and recommends that defendants' motion to dismiss be granted.

### I.  HISTORY & PROCEDURAL BACKGROUND

Plaintiff Donald B. Kimball ("plaintiff"), a *pro se* litigant, brought this action when he was incarcerated at Northern Nevada Correctional Center in the custody of the Nevada Department of Corrections ("NDOC") (#6). On April 4, 2013, plaintiff filed a notice of change of address that indicated that he would be released from NDOC custody in May 2013 and provided an address where he could be reached after his release (#11). Defendants served their motion on plaintiff at his new address of record via U.S. mail (#s 21, 24). Out of an abundance of caution, they also served their motion on plaintiff at his last known NDOC address. *Id*. Defendants' motion was returned

---

[1] Refers to the court's docket numbers.

from both addresses as undeliverable. *Id*. On October 15, 2013, the court *sua sponte* granted plaintiff an extension to oppose the motion to dismiss up to and including November 1, 2013 (#23). To date, plaintiff has not filed an opposition to the motion to dismiss, or responded to the court's order in any way.

On December 3, 2012, plaintiff filed his civil rights complaint, pursuant to 42 U.S.C. § 1983, alleging violations of his Fourteenth Amendment rights (#6). The court screened the complaint, pursuant to 28 U.S.C. § 1915A, and permitted what it construed as a Fourth Amendment claim to proceed (#5, pp. 3-4).

Plaintiff alleges the following: in June 2012, NDOC parole officers defendants Roger Jacobs, Adam Summers, and Natalie Wood arrested plaintiff for possession of a stolen vehicle, with full knowledge that plaintiff legally owned the vehicle (#6, pp. 4-5). These defendants subsequently revoked plaintiff's parole in order to place the vehicle in a storage facility where they had an arrangement to receive "kickbacks" for storing vehicles. Defendants Chris Perry and Bernard Curtus–director and chief, respectively, of Nevada's Department of Parole and Probation–had personal knowledge that these subordinate employees committed fraud and in fact encouraged them to file false a false report. *Id*.

Defendants ask the court to grant their Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief may be granted on the grounds that plaintiff's civil rights claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) (#21, p. 4).

## II. DISCUSSION & ANALYSIS

The court first notes that plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of

any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**A.   Legal Standards**

**1.  42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert,* 526 U.S. 286, 290 (1999).  Section 1983 does not offer any substantive rights, but provides procedural protections for federal rights granted elsewhere.  *Albright v. Oliver,* 510 U.S. 266, 271 (1994).  To prove liability under § 1983, a plaintiff must: (1) show that a person acting under color of state law engaged in some type of conduct, which (2) deprived the plaintiff of some right, privilege or immunity secured by the Constitution or federal statutory law.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overturned on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

**2. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

"A dismissal under Federal Rule of Civil Procedure 12(b)(6) is essentially a ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted).  Under Federal Rule of Civil Procedure 8(a), "a claim for relief must contain...a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has found that at a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The complaint need not contain detailed factual allegations, but it must contain more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citation omitted); *Iqbal*, 556 U.S. at 678.  The Rule 8(a) notice pleading standard requires the plaintiff to

"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "Plausibility" is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). Allegations can be deemed "implausible" if there are "obvious alternative explanation[s]" for the facts alleged. *Id.* at 682.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Id.* at 679.

Allegations in pro se complaints, "'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers[,]'" and must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*)); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). A district court should not dismiss a *pro se* complaint without leave to amend unless "it is absolutely clear that the

deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) (internal quotation marks omitted).

**B. Analysis**

Defendants argue in their motion to dismiss that plaintiff's claims are barred pursuant to the "favorable termination" doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (#21, p. 3-4).

> The doctrine bars a plaintiff's § 1983 suit, "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless the plaintiff first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."

*Smith v. Reyes*, 904 F.Supp.2d 1070, 1073-1074 (S.D. Cal. 2012) (quoting *Heck*, 512 U.S. at 487). This rule further applies to parolees who challenge their parole revocations. *Butterfield v. Bail*, 120 F.3d 1023, 1024–25 (9th Cir.1997). Generally, under *Heck v. Humphrey*, a parolee is barred from bringing a civil rights action challenging a parole revocation because a finding in his favor would undermine the validity of that parole revocation. *Id.*; *see also Upton v. Schwarzenegger*, 2013 WL 2045276 *4 (C.D. Cal. 2013) (not reported).

Defendants are correct that, here, plaintiff cannot assert a § 1983 claim that defendants violated his constitutional rights, resulting in the revocation of his parole. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). As plaintiff raised a constitutional challenge which could have entitled him to an earlier release, his remedy is a writ of *habeas corpus*. Accordingly, the court determines that plaintiff's complaint should be dismissed for failure to state a claim for which relief may be granted.

### III.  CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff's complaint fails to state a claim for which relief may be granted, and therefore, defendants' Rule 12(b)(6) motion to dismiss (#21) should be granted.  The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendant's motion to dismiss (#21) be **GRANTED without prejudice**.

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** accordingly and close this case.

**DATED:**  January 30, 2014.

_____
**UNITED STATES MAGISTRATE JUDGE**