UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD B. KIMBALL, | Case No. 3:12-cv-00639-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| CHRIS PERRY, et al., | |
| Defendants. | |

Before the Court is Magistrate Judge Valerie P. Cooke's Report and Recommendation ("R&R") (dkt. no. 25) addressing Defendants' 12(b)(6) Motion to Dismiss without Prejudice for Failure to State a Claim (dkt. no. 21). The deadline for Plaintiff to file any objections was February 16, 2014 (dkt. no. 25). No objections were filed.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v.*

*Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g., Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review in order to determine whether to adopt the R&R. The R&R recommends dismissing Plaintiff's claims under 42 U.S.C. § 1983 since Plaintiff seeks to challenge the legality or duration of his confinement. It is well established that when a prisoner raises such a challenge, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475 (1973). Upon review of the R&R and the record in this case, the Court determines that it is appropriate to adopt the R&R in full.

It is hereby ordered that the R&R (dkt. no. 25) is accepted and adopted. Defendants' 12(b)(6) Motion to Dismiss without Prejudice for Failure to State a Claim (dkt. no. 21) is granted. The Clerk is directed to close this case.

DATED THIS 5th day of March 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE